UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X

Pilar Romero, as Biological Mother and
Lawful Guardian of Jane Doe, a Minor,                    08-CV-2529
                                                         (CPS)(RER)


                              Plaintiffs,


          - against -


The City of New York, New York City              MEMORANDUM
Department of Education, Julio Cesar             OPINION & ORDER
Benavides, and Jack Roe 1-10 and Jill Roe
1-10,


                              Defendants.

------------------------------------------X

SIFTON, Senior Judge.

        Plaintiff Pilar Romero brings this action as biological

mother and legal guardian of plaintiff Jane Doe, a minor, against

defendants Julio Caesar Benavides, individually and in his

official capacity, the New York City Board of Education

("NYCBE"), the City of New York (the "City"), and unknown

defendants Jack Roes and Jill Roes.  Plaintiffs allege that (1)

defendants engaged in sex discrimination against plaintiff Doe in

violation of Title IX of the Education Amendments of 1972, Ch.

39, 86 Stat. 235, 20 U.S.C. §§ 1681 *et seq*. and the Civil Rights

Restoration Act of 1987, 102 Stat. 28, 20 U.S.C. § 1687; (2)

defendants deprived plaintiff Doe of her constitutional rights to

equal protection of the laws and to privacy, in violation of 42

U.S.C. § 1983; (3) defendants intentionally inflicted emotional

distress on plaintiffs; (4) defendants negligently inflicted
emotional distress on plaintiffs; (5) defendants engaged in
sexual harassment against plaintiff Doe in violation of the New
York State Human Rights Law, N.Y. Exec. Law § 296; (6)
defendants, either themselves or through their employees, engaged
in sexual assault and battery of a child against plaintiff Doe;
and (7) defendants NYCBE and the City negligently hired defendant
Benavides.  Plaintiffs seek compensatory and punitive damages
along with attorney fees and costs.  Presently before this Court
is defendant Benavides' motion to dismiss the claims against him
for insufficient service of process pursuant to Federal Rule of
Civil Procedure 12(b)(5), and plaintiffs' cross-motion for an
extension of time extending plaintiffs' time to serve the Amended
Complaint on defendant Benavides.  For the reasons stated below,
both defendant's and plaintiffs' motions are denied, but
plaintiffs are nevertheless granted a discretionary, retroactive
extension of time in which to serve defendant Benavides.

## BACKGROUND

The following undisputed facts are drawn from the Amended
Complaint and are not findings of fact by this Court.  For the
purposes of these motions, I assume them to be true.

Plaintiff Romero is the biological mother and legal guardian
of plaintiff Doe, born on August 12, 1992.  Am. Compl. ¶ 1.
Plaintiff Doe at all times material to this action was a 14-year-

old ninth-grade student attending Richmond Hill High School in Richmond Hill, Queens, New York. *Id.* Plaintiffs reside together in Brooklyn, New York. *Id.* Defendant Benavides at all times material to this action was employed as a ninth-grade math teacher at the Richmond Hill High School, and was an agent and employee of the NYCBE and the City of New York. *Id.* ¶ 2. Defendant NYCBE is a government department organized and managed under the laws of the City of New York and charged with the management and control of Richmond Hill High School. *Id.* ¶ 3.

On or about November 20, 2006, Defendant Benavides contacted plaintiff Doe and advised her that he was physically attracted to her. *Id.* ¶ 9. Over subsequent months, he proceeded to seduce her by offering her favors and promises of love and affection. *Id.* Defendant Benavides enticed plaintiff Doe on several occasions to allow him to kiss and fondle her sexually on the campus of the Richmond Hill High School both during and after regular school hours. *Id.* ¶ 10. He also enticed her on several occasions during regular school hours to accompany him to a private residence away from the campus of the Richmond Hill High School to engage in sexual intercourse and other carnal experiences. *Id.* ¶ 11. During this time, defendant Benavides knew that plaintiff Doe was a minor child incapable of giving her consent to any conduct of a sexual nature and knew that his position as her teacher at the Richmond Hill High School gave him

certain authority conferred on him by the NYCBE and the City of New York, which he also knew gave him power and control over plaintiff Doe as a student. *Id.* ¶ 12.

At an unspecified point in time, employees and agents of the NYCBE, while acting in the capacity of their official duties, became aware of the fact that defendant Benavides was having a sexual relationship with plaintiff Doe. *Id.* ¶ 13. As a result, they commenced a formal investigation of the situation. *Id.* At no time before June 7, 2007 did any employee or agent of the NYCBE notify plaintiff Romero of the NYCBE's suspicions or findings regarding defendant Benavides, nor did any employee or agent of the NYCBE take any corrective action against defendant Benavides. *Id.*

At all times relevant to this action, neither the Richmond Hill High School nor the NYCBE had any student/grievance procedure in place for the lodging of sexual discrimination complaints that was made available to plaintiffs, nor did the School or the NYCBE publish, disseminate, or otherwise make available to plaintiffs Title IX Student/Grievance procedures for the lodging of sexual discrimination complaints. *Id.* ¶¶ 14-15.

It was not until June 7, 2007, that agents and employees of the NYCBE notified plaintiff Romero that defendant Benavides had been engaging in a ongoing sexual relationship with plaintiff Doe. *Id.* ¶ 17. This action followed on June 25, 2008.

**DISCUSSION**

Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes dismissal of a complaint for insufficient service of process, upon motion by a defendant made prior to the defendant's filing an answer in a case. Fed.R.Civ.P. 12(b)(5). When a defendant raises a challenge to the sufficiency of service of process, "the plaintiff bears the burden of proving its adequacy." *Preston v. New York*, 223 F.Supp.2d 452, 466 (S.D.N.Y. June 27, 2002).

Defendant contends that plaintiffs' service on him was inadequate because it was not effected within 120 days of the filing of the complaint, as required by Rule 4(m) of the Federal Rules of Civil Procedure. Rule 4(m) provides, in relevant part, as follows:

> If a defendant is not served with 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m). Plaintiffs do not dispute that service was effected on defendant 23 days after the 120-day limit prescribed by Rule 4(m). However, they contend that good cause for the delay exists.

A plaintiff may avoid dismissal by demonstrating "good cause for its failure to effect proper service." *Lab Crafters, Inc. v.*

*Flow Safe, Inc.*, 233 F.R.D. 282, 284 (E.D.N.Y. 2005).  The court

must consider two factors when determining whether good cause

exists: (1) whether the plaintiff acted reasonably and diligently

in his or her efforts to serve the defendant; and (2) whether the

defendant was prejudiced by the delay in service.  *Id.* (citing

*Blessinger v. U.S.*, 174 F.R.D. 29, 31 (E.D.N.Y. 1997)).  To

satisfy the first factor, a "[p]laintiff must show more than mere

attorney 'inadvertence, neglect, or mistake.'"  *Id.* (citing *Myers*

*v. The Sec'y of the Dep't of the Treasury*, 173 F.R.D. 44, 47

(E.D.N.Y. 1997)).  "Good cause is generally found only in

exceptional circumstances where the plaintiff's failure to make

timely service was the result of circumstances beyond his

control."  *Myers*, 173 F.R.D. at 46 (internal quotation marks and

citation omitted).

Plaintiffs contend that their failure to serve defendant

Benavides in a timely manner arose from their inability, after

diligent efforts, to determine his location in prison until after

the 120-day period.  Plaintiffs' attorney has submitted an

affirmation stating the following:

> Once [the Complaint] had been filed with this court I
> endeavored to locate Mr. Benavides' exact whereabouts to
> effect service.  However, he was incarcerated after
> conviction on criminal charges arising from the facts in
> this case.  I made several attempts to contact the Brooklyn
> attorney general's office and the prosecutors involved with
> Mr. Benavides' case to ascertain his exact whereabouts.
> None of my calls was returned.
>
> I then attempted to find out Mr. Benavides' location in the

prison system through the New York State Department of
Corrections.  Unfortunately, Mr. Benavides was not listed by
name in the online search system for the NYSDC.  I then
further enquired about the matter from senior legal staff at
the NYSDC and was told that they would try to find out Mr.
Benavides prison number and location.

After much searching and contacts from another department in
the NYSDC, I was given the Defendant Benavides prison number
and location at the Riverview Correctional Facility.  I then
contacted Ms. Brenda Burke at Riverview to arrange for Mr.
Benavides to be served the Summons and Complaint by prison
staff according to prison rules; service of the Summons and
Complaint was effected upon Mr. Benavides on November 11,
2008.

Affirmation of Charles A. Whittier dated January 18, 2009, ¶¶ 6-
8.  While plaintiffs' attorney has explained the reasons for the
delay in service, I find that they do not constitute the sort of
"exceptional circumstances" excusing the delay.  Plaintiffs had
four months in which to locate and to serve defendant Benavides.
Unreturned phone calls and fruitless Internet searches
notwithstanding, plaintiffs have not adequately explained why
they could not effect service in a more timely manner.  Had
plaintiffs' attorney been more persistent in his efforts to
locate defendant Benavides, he more likely than not would have
been able to effect service on him within the time prescribed by
Rule 4(m).  The fact that defendant Benavides does not appear to
have been prejudiced by the three-week delay in service does not
alter my conclusion that plaintiffs have failed to show good
cause warranting a mandatory extension under Rule 4(m).
Accordingly, plaintiffs' motion for an extension of time under

Rule 4(m) is denied.

Where good cause within the meaning of Rule 4(m) is not found, however, the Court may, in its discretion, nevertheless extend the time for a plaintiff to complete service of process upon a defendant. *Hertzner v. U.S. Postal Serv.*, No. 05-CV-2371, 2007 WL 869585, at *6-7 (E.D.N.Y. Mar. 20, 2007). In deciding whether to exercise its discretion, the court considers four factors: (1) whether statutes of limitations would bar the refiling of the action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by extending the time for service. *Id.* (citing *Reese v. University of Rochester*, No. 04-CV-6117, 2005 WL 1458632, at *2 (W.D.N.Y. June 20, 2005)).

With regard to the first factor, because the events of which plaintiffs complain occurred between September 12, 2006 and June 7, 2007, only their intentional tort claims, which carry a one-year statute of limitations, could potentially be time-barred were they required to refile.[1] *See, e.g., Patterson v.*

---

[1] Plaintiffs' other claims all have three-year statutes of limitations. *See, e.g., Curto v. Edmundson*, 392 F.3d 502, 504 (2d Cir. 2004) (holding that New York's three-year personal-injury statute of limitations applied to student's Title IX claim against university located in New York); *Jewell v. County of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990) ("This Court has held that New York's three year statute of limitations . . . governs § 1983 actions brought in federal district court in New York"); *McCray v. City of New York*, Nos. 03 Civ. 9685, 03 Civ. 9974, 03 Civ. 10080, 2007 WL 4352748, at *29 (S.D.N.Y. Dec. 11, 2007) ("In New York, negligent infliction of emotional distress claims are subject to a three-year statute of limitations"); *Beattie v. Farnsworth Middle School*, 143 F.Supp.2d 220, 226 n.5 (N.D.N.Y. 1998) ("A

*Balsamico*, 440 F.3d 104, 112 (2d Cir. 2006) ("The New York courts have held that a claim for damages for intentional infliction of emotional distress is subject to the one-year statute of limitations in C.P.L.R. Section 215(3)"); *Doe v. Kolko*, Nos. 06-CV-2096, 06-CV-2215, 2008 WL 4146199, at *3 (E.D.N.Y. Sept. 5, 2008) ("In New York, a sexual assault claim--an intentional tort--carries a one-year statute of limitations").  However, under New York law, a one-year statute of limitations is tolled during a plaintiff's infancy until she reaches the age of majority.  *See* N.Y. C.P.L.R. § 208.[2]  Because plaintiff Doe was born on August 12, 1992, she is still a minor, and accordingly, the statute of limitations for the intentional tort claims has not run.  Therefore, statutes of limitations would not bar the refiling of this action, and accordingly, the first factor weighs in favor neither of plaintiff nor defendant.

---

three-year statute of limitations attaches to Plaintiff's [sexual harassment] New York Human Rights Law § 296(1) claims"); *Bouchard v. New York Archdiocese*, No. 04 Civ. 9978, 2006 WL 3025883, at *2 (S.D.N.Y. Oct. 24, 2006) ("The applicable statute of limitations for a negligent hiring or supervision claim is three years").

[2] New York's Civil Practice Law and Rules § 208 provides in pertinent part as follows:

> If a person entitled to commence an action is under a disability because of infancy or insanity at the time the cause of action accrues . . . if the time otherwise limited is less than three years, the time shall be extended by the period of disability.  The time within which the action must be commenced shall not be extended by this provision beyond ten years after the cause of action accrues, except, in any action other than for medical, dental or podiatric malpractice, where the person was under a disability due to infancy.

N.Y. C.P.L.R. § 208.

Turning to the second factor, there is no indication in the record that defendant Benavides had any notice of plaintiff's Amended Compliant until service was made upon him in November of 2008. However, defendant was undoubtedly on notice of the potential for a civil claim for damages against him arising out of the same circumstances as those which led to his criminal conviction. Under these circumstances, this factor does not weigh in favor of either party.

With regard to the third factor, there is no evidence that defendant Benavides attempted to conceal the defect in service. Instead, his motion to dismiss was filed *pro se* by letter dated December 1, 2008, three weeks after service on him was effected. This factor weighs in favor of defendant Benavides.

Finally, with regard to the fourth factor, there is no evidence that defendant would be prejudiced in any way by extending the time for valid service upon him by three weeks. Accordingly, the final factor favors plaintiff.

Considering the four factors together, I conclude that a discretionary extension of time for plaintiffs to effect service on defendant Benavides is warranted. Defendant has in fact already been served, and the three weeks' delay does not result in prejudice to him. Accordingly, defendant's motion to dismiss is denied.

**CONCLUSION**

For the reasons stated above, both defendant's and plaintiffs' motions are denied.  Plaintiff is granted a retroactive 23-day extension of time to serve the Amended Complaint on defendant Benavides, pursuant to which the November 11, 2008 service on defendant Benavides is timely.  The clerk is directed to transmit a filed copy of the within to all parties and the magistrate judge.


SO ORDERED.

Dated :   Brooklyn, New York
          February 26, 2009

                    By: /s/ Charles P. Sifton (electronically signed)
                        United States District Judge